J. W. SEBER v. THE STATE.

No. 19057.    Delivered June 2, 1937.

The opinion states the case.

*J. Carroll McConnell,* of Palo Pinto, and *W. H. Penix,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for six years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Edward Smith by shooting him with a gun.

Appellant had leased a house in which he, his three grandchildren and his son lived. He had sublet part of said house to deceased and the mother of deceased. On the occasion of the homicide deceased contemplated giving a dance and had brought a quantity of beer to the house, it appearing from the evidence that appellant had no interest in the beer and that he rarely attended the dances given by deceased. When deceased arrived at the house with the beer appellant asked him to pay him approximately five dollars that he owed him as his part of the proceeds derived from the sale of a calf. An altercation ensued between appellant and deceased in which, according to the testimony of the State, appellant cursed deceased, and deceased struck appellant with his fist. According to the State's testimony, appellant then attempted to stab deceased with a knife. At this juncture deceased procured a gun from his automobile, and appellant went to the house. According to the testimony of the State, deceased had approached the house without any character of weapon in his hand when appellant continued to curse him. Deceased turned and started back to his automobile, and appellant shot him in the back. It was appellant's version that deceased approached the house with a pistol in his hand, and that believing that he was going to kill him, he shot deceased.

On cross-examination the State proved by appellant that there was a complaint pending against him in a federal court charging him "with handling liquor." On redirect-examination appellant declared that he had no connection with the handling of liquor. He testified that there was a shack in the field in which the officers discovered some liquor and at which place the deceased had sold a pint of liquor to an officer. The result was that he and Smith were arrested and a complaint filed against them. He had no connection with the liquor and had never been prosecuted under said complaint. From bill of ex-

ception No. 4 it appears that in his argument to the jury the district attorney pointed his finger at appellant and used language as follows: "There is the master bootlegger, there is the man that led the deceased astray and is responsible for the death of deceased." Appellant objected to the argument upon the ground that there was no evidence that he was a bootlegger and that he had led deceased astray. The objection was overruled, the bill reciting that the court permitted the argument to stand without instructing the jury to disregard it. The testimony touching the complaint charging appellant with possessing intoxicating liquor, if admissible at all, could only be considered for the purpose of impeaching the appellant. The inference could not properly be drawn from such proof that appellant was a bootlegger. The uncontroverted testimony shows that appellant had no connection with the beer that deceased had brought to the house. It is true that the court qualifies the bill of exception to the effect that appellant admitted that at one time he had unlawfully manufactured "home brew." Again, the court qualifies the bill of exception to the effect that counsel for appellant had accused the deceased of being a bootlegger. We do not understand that this accusation invited the argument of the district attorney. We are of opinion that there was no evidence from which the inference might properly be drawn that appellant was a bootlegger and had led deceased astray. We deem the argument to have been obviously harmful and prejudicial. Hence we are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.